UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR L.,<br><br>    Plaintiff,<br><br>    v.<br><br>SSA COMMISSIONER, et al.,<br><br>    Defendants. | Case No. 3:25-cv-06366-JSC<br><br>**ORDER RE: SOCIAL SECURITY APPEAL**<br><br>Re: Dkt. Nos. 11, 12 |

Plaintiff seeks social security benefits for a combination of mental impairments including: anxiety, Asperger syndrome, autism, and depression. (Administrative Record ("AR") 833.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying his benefits claim. After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and REVERSES the Commissioner's decision and REMANDS for further proceedings, as explained below.

## BACKGROUND

### A.    Procedural History

Pursuant to the Social Security Act, on July 31, 2020, Plaintiff filed an application for supplemental security income alleging a disability onset date of June 28, 2000 (birth). (AR 46, 798.) Plaintiff's application was denied initially and on reconsideration. (AR 664-709.) Plaintiff submitted a request for a hearing before an Administrative Law Judge (ALJ). (AR 736, 750.) A hearing was held on February 1, 2022, where Plaintiff, who was representing himself, his mother, and a vocational expert testified. (AR 612-663.) On May 25, 2022, the ALJ issued an unfavorable decision finding Plaintiff was not disabled within the meaning of the Social Security

Act. (AR 46-54.)

Nearly two years later, Plaintiff, through counsel, submitted a letter to the Appeals Council stating his disability had precluded him from submitting a timely request for review and the Appeals Council granted his request for more time. (AR 10-12.) Plaintiff thereafter submitted a request for review which the Appeals Council denied. (AR 1-3.) Plaintiff then filed the underlying action. In accordance with Civil Local Rule 16-5, the parties filed cross briefs on appeal. (Dkt. Nos. 11, 12.[1])

**B.    Issues for Review**

1. Whether the ALJ's step three finding that Plaintiff did not meet listing 12.10 is supported by substantial evidence?
2. Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony?
3. Whether the Appeals Council erred in their consideration of the additional evidence presented?

**LEGAL STANDARD**

A claimant is considered "disabled" under the Act if he meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough he is unable to do his previous work and cannot, based on his age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." *Id*. § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

"meets or equals" one of the listings in the regulations; (4) whether, given the claimant's RFC, he can still do his "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), superseded by regulation on other grounds; *see* 20 C.F.R. § 404.1520(a).

## DISCUSSION

### A.     Step Three Findings as to Listing 12.10

The Social Security Administration has supplemented the five-step general disability evaluation process with a specific procedure governing the evaluation of mental impairments. *See generally* 20 C.F.R. § 416.920a. First, the ALJ must determine whether the claimant has a medically determinable mental impairment. *Id.* § 416.920a(b)(1). Next, the ALJ must assess the degree of functional limitation resulting from the claimant's mental impairment with respect to the following functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* §§ 416.920a(b)(2), (c)(3). The ALJ must evaluate these four areas on a five-point scale: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). Finally, the ALJ must determine the severity of the claimant's mental impairment and whether that severity meets or equals the severity of a mental impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 416.920a(d)(2). In order to meet the severity of any listed impairment, the claimant must satisfy the "Paragraph B criteria," which requires that a claimant's mental disorder "result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Listing 12.00(A)(2)(b). If the ALJ determines that the severity of the claimant's mental impairment meets or equals the severity of a listed mental impairment, the claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(iii). Otherwise, the evaluation proceeds to step four of the general disability inquiry, where the ALJ must determine the Plaintiff's mental RFC. *See id.* § 416.920a(d)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *4 (S.S.A. 1996).

The ALJ followed this procedure. First, the ALJ found Plaintiff had severe mental impairments of autism spectrum disorder, Asperger's syndrome, anxiety disorder, and depression. (AR 49.) Next, the ALJ evaluated Plaintiff's functional limitations in (1) understanding,

remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (AR 49.) The ALJ found that Plaintiff had a mild or moderate limitation in each category. (AR 49.) Because the ALJ did not find extreme limitations in any of these categories or marked limitations in two of these categories, the ALJ concluded that the "paragraph B" criteria was not satisfied and therefore Plaintiff did not have a mental impairment that meets or equals in severity any listed impairment. (AR 50.) The ALJ then assessed Plaintiff's RFC. (AR 50.)

Plaintiff insists the ALJ's findings as to Plaintiff's functional limitations were conclusory and substantial evidence does not support the ALJ's determination that Plaintiff did not meet Listing 12.10 for autism spectrum disorders.

As to the first category of functional limitations—understanding, remembering, or applying information—the ALJ found Plaintiff had mild limitations because he testified he was able to graduate high school and "[t]here was no indication he had any issues in this area while working at Walmart." (AR 49 (citing Exhibit 28E (AR 944)).) The exhibit cited by the ALJ, however, is a letter Plaintiff's mother submitted in March 2022 (a month after Plaintiff's hearing before the ALJ) stating he had left his job at Walmart following "constant challenges in the stocking room leading to him having panic attacks and flustered walkouts, twice," and despite efforts to reasonably accommodate him by moving him to a door greeter position which he also found too overwhelming. (AR 944.) The ALJ's reliance on Plaintiff's ability to graduate high school is equally problematic as the ALJ does not acknowledge Plaintiff did so with special accommodations. (AR 302 (1/18-17 IEP stating Plaintiff requires extended time to complete assignments, needs daily reminders related to behavioral issues, needs to work in a quiet/small group setting); AR 1006 (1/11/19 IEP listing same accommodations); AR 966, 973 (1/10/19 Fortuna High School Special Education report stating Plaintiff scored in the "lower extreme," "very low," or below average on attention/concentration tests); AR 667 (noting Plaintiff's IEP states 73 percent of his classes are in the regular classroom.)

As to the second category of functional limitations—interacting with others—the ALJ found Plaintiff had mild limitations relying on the fact Plaintiff "was cooperative," his mother

4

reported "he gets along 'good' with authority figures," and "did not have problems getting along with family, friends, or others." (AR 49.) The ALJ also noted Plaintiff "testified he had some issues with co-workers at Walmart" and "said he heard voices of past friends in his head," but the ALJ provided no analysis of either what the issues were that Plaintiff had with coworkers or how hearing voices in his head might impact his ability to interact with others. (AR 49.)

For the third category of functional limitations—concentrating, persisting, or maintaining pace—the ALJ assessed Plaintiff as having moderate limitations citing Plaintiff's mother's testimony regarding his need for "strong coaching and supervision" and his own testimony regarding difficulty focusing and his depression. (AR 49.) While the ALJ again noted Plaintiff's testimony regarding hearing voices, there was no analysis as to how the voices, depression, and difficulty focusing might impact his ability to concentrate, persist, or maintain pace. (AR 49.)

Finally, the ALJ found Plaintiff had mild limitations in his ability to adapt and manage himself relying again on the fact he graduated high school, and because he took the bus home from work, took care of his dogs, played video games, did archery, and watched television. (AR 49.) In a non sequitur, the ALJ stated "[h]e was able to work at Walmart even though he recently quit, due to being overwhelmed" again citing the letter from Plaintiff's mother. (AR 49 (citing (Exhibit 28E)).) Again, the ALJ did not engage in any discussion or analysis of the rationale behind assigning Plaintiff mild functional limitation in the ability to adapt and manage himself given Plaintiff had just quit his job after panic attacks and feeling overwhelmed despite Walmart having provided a reasonable accommodation and moved him to different job.

The ALJ's findings are not supported by substantial evidence. While the ALJ "need not discuss all evidence presented to her[], she must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (cleaned up). In particular, the ALJ must provide "'an adequate statement' of the 'foundations on which the ultimate factual conclusions are based'" when concluding that a claimant's condition does not meet or equal a listing. *Delacruz v. Berryhill*, 2019 WL 2644235, at *7 (N.D. Cal. June 27, 2019) (quoting *Gonzalez v. Sullivan*, 914 F.3d 1197, 1201 (9th Cir. 1990)). The ALJ's failure to do so

5

here was in error.[2]

### B. Subjective Symptom Testimony

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (cleaned up). If the ALJ's assessment "is supported by substantial evidence in the record, [courts] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (cleaned up).

Applying the two-step analysis, the ALJ first determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 52.) Because Plaintiff met the first part of the test, the ALJ was required to provide "specific, clear and convincing reasons" for rejecting Plaintiff's testimony regarding the severity of his symptoms, or else find evidence of malingering. *See Lingenfelter*, 504 F.3d at 1036. The ALJ did not find evidence of malingering, but found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 52.) The ALJ elaborated on this conclusion stating:

---

[2] The Court does not address Plaintiff's additional argument that the ALJ erred in failing to discuss the Paragraph A criteria. Because the ALJ found the Paragraph B criteria was not satisfied, it was unnecessary to consider the Paragraph A criteria. *See Jackson v. Comm'r of Soc. Sec.*, No. 1:21-CV-00270-SAB, 2022 WL 3108763, at *6 (E.D. Cal. Aug. 4, 2022) (noting because "the Plaintiff must satisfy both the Paragraph A and Paragraph B criteria" there was no error in failing to discuss the Paragraph A criteria as "the Paragraph B criteria was not met." (citing 20 C.F.R. § Pt. 404, Subpt. P, App. 1; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria")).

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because notes stated the claimant was noncompliant with medication, and has improved in the past when compliant with medication (Exhibit 7F/15). He reported that when he is doing a chore at home for an extended period of time his anxiety increases but if he works outside of the house, the anxiety never shows (Exhibit 8E/9).

(AR 52.) The ALJ's conclusion is not supported by substantial evidence.

      First, the exhibit the ALJ cited in support of the conclusion Plaintiff was "noncompliant with medication, and has improved in the past when compliant with medication" does not support this statement. (AR 52.) The treatment note actually states "[a] little better with Lexpro, but not well" and recommends increasing the dose of Lexpro. (AR 1125.) The note says nothing about noncompliance and to the extent it suggests improvement it also states Plaintiff is "**not well**." (AR 1125.) While the preceding page states "family confused about what he has been taking" (AR 1124), the Ninth Circuit has repeatedly cautioned against "punish[ing] mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions." *Garrison v. Colvin*, 759 F.3d 995, 1018, n.24 (9th Cir. 2014). Even assuming the record supported a finding of noncompliance, the ALJ failed to consider whether Plaintiff's mental impairments might have impacted his ability to maintain medication compliance. To the extent, the Commissioner offers other citations to the record to explain the ALJ's rationale (Dkt. No. 12 at 8), the Court cannot consider these post hoc rationalizations not offered by the ALJ. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

      Second, the ALJ's reliance on Plaintiff's statement in his functional capacity report stating his anxiety comes up less when he is working outside the house ignores the statement on the preceding page that he does not handle stress or changes in routine "very good" and he experiences "anxiety, unexplainable voices, also images of people that he knows he shouldn't be seeing." (*Compare* Exhibit 8E/9 (AR 859) *with* Exhibit 8E/8 (AR 858).) Further, as with the ALJ's

7

discussion of Plaintiff's functional capacity limitations, the ALJ did not discuss the special education services Plaintiff received and instead just noted he was a "high school graduate and his grades ranged from As to Cs." (AR 50.) Even more perplexing, the ALJ discussed Plaintiff's work at Walmart as if he was still employed despite his having left the job after only a few months because of anxiety and feeling overwhelmed. (AR 50 ("he started working at Walmart a month and a half ago and he works 40 hours a week for $17 an hour. He applied online. He said he stocks shelves. He said he has a couple of issues with co-workers but is planning on continuing working.").) The ALJ cannot cherry pick the evidence which supports his finding while ignoring other contradictory evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (finding error when the ALJ's decision did not account for the record "as a whole," but rather relied on "cherry picked" evidence); *Williams v. Colvin*, No. 14-cv-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) (cleaned up) ("An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination.").

In sum, the ALJ's rejection of Plaintiff's subjective symptom testimony does not satisfy the "demanding" "clear and convincing standard." *Garrison*, 759 F.3d at 1013.

### C. Harmless Error

Because the ALJ's step three findings and consideration of Plaintiff's subjective symptom testimony are not supported by substantial evidence, the ALJ's decision cannot stand. The Court thus need not reach Plaintiff's arguments as to the Appeals Council's failure to consider the newly submitted evidence. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."). The ALJ's errors here go to the heart of the disability determination and are not harmless. "[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Had the ALJ not erred at step three and in rejecting Plaintiff's subjective symptom testimony, the ALJ could have reasonably come to a different conclusion regarding Plaintiff's

RFC. *See id.*

### D.     Remand

Plaintiff asks the Court to remand the case for the payment of benefits or alternatively, for further proceedings. (Dkt. No. 11 at 15.) When reversing an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (discussing credit-as-true standard as it applies to remand for an award of benefits).  As Plaintiff makes no argument the credit-as-true standard is met here, remand for further proceedings is proper so the ALJ can fully consider Plaintiff's subjective symptom testimony and engage in the step three analysis.

## CONCLUSION

For the reasons stated above, the Court REVERSES the ALJ's decision and REMANDS for further proceedings consistent with this Order.

This Order disposes of Docket Nos. 11, 12.

**IT IS SO ORDERED.**

Dated: January 9, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge